JUL 11 2006

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS' ANNUITY FUND, RHODE ISLAND CARPENTER'S PENSION FUND, RHODE ISLAND CARPENTERS' VACATION FUND, RHODE ISLAND CARPTENTERS' HEALTH FUND, Through their Trustees, and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, *Plaintiffs*, | : | CA 06 316 ML |
| v. | : | C.A. No. |
| CLASSIC LATH & PLASTERING and FRAGATA CONSTRUCTION CO., INC. *Defendants*. | : | |

**VERIFIED COMPLAINT AND**
**MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiffs Boards of Trustees and Donald Lavin, in their official capacity, plead as follows:

1. This is an action to compel payment of contributions, interest, and penalties to an employee welfare benefit plan, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq. Plaintiffs also seek equitable relief, pursuant to ERISA, 29 U.S.C. 1132(a)(3), directing Defendants to permit an examination and audit of their records.

Parties and Jurisdiction

2. Plaintiff Rhode Island Carpenters Annuity Fund ("Annuity Fund") is multi-employer pension plan within the meaning of ERISA, 29 U.S.C. §§1002(2) and (37).

3. Plaintiff Rhode Island Carpenters Pension Fund ("Pension Fund") is a multi-employer pension plan within the meaning of ERISA, 29 U.S.C. §§1002(1) and (37).

4. Plaintiff Rhode Island Carpenters Vacation Fund ("Vacation Fund") is a multi-employer benefit plan within the meaning of ERISA, 29 U.S.C. §§1002(1) and (37).

5. Plaintiff Rhode Island Carpenters Health Fund ("Health Fund") is multi-employer benefit plan within the meaning of ERISA, 29 U.S.C. §§1002(1) and (37).

6. Plaintiffs Trustees ("Trustees") are trustees and fiduciaries of the aforementioned Funds.

7. Plaintiff Donald Lavin is Co-Administrator of the Funds. The Funds' office is located in Rhode Island.

8. Defendant Classic Lath & Plastering ("Classic Lath") is a corporation organized under the laws of the State of Massachusetts, having its principal place of business in Westport, MA. Defendant has the requisite minimum contacts with the State of Rhode Island.

9. Defendant Fragata Construction Co., Inc. ("Fragata") is a corporation organized under the laws of the State of Massachusetts, having its principal place of business in Westport, MA. Defendant has the requisite minimum contacts with the State of Rhode Island.

10. Jurisdiction is rested upon ERISA, 29 U.S.C. § 1132(e).

Facts

11. The Funds were established to provide various types of benefits, including retirement, medical, and disability, for Rhode Island Carpenters Local 94 ("Local 94")

members. The Funds are administered by Boards of Trustees consisting of management and union trustees ("Trustees).

12. Benefits as aforesaid are financed in part by employer contributions. The contribution rates are set by the collective bargaining agreement between Local 94 and each employer.

13. The rights and obligations of the Funds and Defendant are set forth in the various Agreement and Declaration of Trusts ("Trust Agreements").

14. The Trust Agreements provide, in relevant part, that Defendant Classic Lath shall submit timely payroll reports of contributions, permit audits of its records when requested by the Trustees, promptly pay contributions, and pay penalties and interest when in default.

15. Defendant Classic Lath is a party to a collective bargaining agreement which provides, in relevant part, that it shall comply with the terms of the Trust Agreements as aforesaid.

16. Defendant Fragata is, upon information and belief, an alter-ego of Classic Lath and, therefore, must also comply with the terms of the Trust Agreements as aforesaid.

## I. FAILURE TO SUBMIT TO AN AUDIT

17. Plaintiffs hereby incorporate by reference paragraphs 1 through 16 of this Complaint as if set forth herein.

18. Notwithstanding the aforesaid obligations, Defendants have failed to permit an examination and audit of their records by the Trustees.

19. By the aforesaid acts and omissions, Defendants have violated ERISA, 29 U.S.C. §1132(a)(3) and §1145.

## II. FAILURE TO MAKE CONTRIBUTIONS

20. Plaintiffs hereby incorporate by reference paragraphs 1 through 19 of this Complaint as if set forth herein.

21. Notwithstanding the aforesaid obligations, Defendants have:

(a) Failed to make timely contributions to the Funds;

(b) Failed to submit timely payroll reports to the Funds;

(c) Otherwise failed to comply with the terms and conditions of the Trust Agreement.

22. By the aforesaid acts and omissions, Defendants have violated ERISA, 29 U.S.C. § 1132(a)(3) and § 1145.

## III. TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

23. Plaintiffs hereby incorporate by reference paragraphs 1 through 22 of this Complaint as if set forth herein.

24. Pursuant to Fed. R. Civ. P. 65, Plaintiffs are entitled to a temporary restraining order and, upon notice and hearing, a preliminary injunction enjoining Defendants from failing or refusing to cooperate with an audit of their records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Honorable Court:

(a) Award equitable relief in the form of a temporary restraining order or preliminary injunction directing Defendants to permit an examination and audit of their payroll records by Plaintiffs, pursuant to 29 U.S.C. § 1132(a)(3);

(b) Award equitable relief in the form of an Order directing Defendants to permit an examination and audit of their payroll records by Plaintiffs, pursuant to 29 U.S.C. § 1132(a)(3);

(c) Award the Fund the unpaid contributions, interest on the unpaid contributions, liquidated damages, punitive damages, and attorneys' fees and costs, pursuant to 29 U.S.C. § 1132(g)(2); and

(d) Order such other relief as the Court deems just and proper.

Respectfully submitted,
On behalf of Plaintiffs,
By their attorneys,

Elizabeth Wiens, Esq. (#6827)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., St. C
North Kingstown, RI 02852
Tel. (401) 294-4700
Fax (401) 294-4702

**VERIFICATION**

I, Donald Lavin, a competent person of the full age of majority, declare:

I am the co-administrator of the Carpenters' Local 94 Benefit Funds. I have personal knowledge of the facts set forth in the Verified Complaint, and if called as a witness in this matter, I could and would testify competently to those facts under oath.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 7/10/06

Donald Lavin